UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RALPH WILLIAM CAMPOS, | ) | 1:07-cv-01388-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | PETITION SHOULD NOT BE DISMISSED |
| v. | ) | FOR VIOLATION OF THE ONE-YEAR |
| | ) | STATUTE OF LIMITATIONS |
| | ) | |
| JAMES A. YATES, | ) | ORDER TO FILE RESPONSE WITHIN |
| | ) | THIRTY DAYS |
| Respondent. | ) | |
| | ) | (Doc. 1) |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on September 21, 2007. A preliminary review of the Petition, however, reveals that the petition may be untimely and should therefore be dismissed.

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).  The instant petition was filed on September 21, 2007, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, Petitioner was convicted on January 20, 1999.  (Doc. 1, p. 1).   In this

case, the petition for review was denied by the California Supreme Court on May 10, 2000. Thus, direct review would conclude on August 8, 2000, when the ninety-day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from August 8, 2000, or until August 8, 2001, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.

As mentioned the instant petition was filed on September 21, 2007, over six years *after* the limitations period expired. Thus, unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely and must be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. However, the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001).

///

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

1   Petitioner asserts that he filed a "round" of state habeas petitions to exhaust the claims in the
2   instant petition, beginning with a petition in the Stanislaus County Superior Court. (Doc. 1, p. 13).
3   Petitioner does not indicate the date on which he filed this petition, but does indicate in attached
4   documents that it was denied on October 18, 2006 and that then a successive petition in the same
5   court was denied on November 17, 2006. Petitioner then filed a habeas petition in the California
6   Court of Appeal, Fifth Appellate District ("5th DCA") that was denied on December 21, 2006. (Id. at
7   14). Petitioner then filed a petition in the California Supreme Court that was denied on June 13,
8   2007. (Id.).

9   However, as mentioned, the one-year limitations period would have already expired on
10  August 8, 2001, a date that was, in all likelihood, well *before* Petitioner filed his first state habeas
11  petition in the Stanislaus County Superior Court.[1] A petitioner is not entitled to tolling where the
12  limitations period, as is apparently the case here, has already expired *prior to* filing a state habeas
13  petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256,
14  1259 (11th Cir. 2000)(same); Jackson v. Dormire, 180 F.3d 919, 920 (petitioner fails to exhaust
15  claims raised in state habeas corpus filed after expiration of the one-year limitations period).

16  The documents filed by Petitioner indicate that he had filed a previous federal petition in this
17  Court that was denied and his subsequent appeal to the United States Court of Appeals for the Ninth
18  Circuit was similarly rejected. It thus appears that Petitioner believes that he is entitled to keep filing
19  federal petitions until a Court permits him to proceed to the merits. This is incorrect. The Court
20  must dismiss an untimely petition under the AEDPA.

21  The Court cannot conclude otherwise than that the petition is untimely and must be
22  dismissed. However, in an excess of caution, the Court will permit Petitioner to file any further
23  evidence he has that would entitle him to AEDPA tolling such that the petition would be timely.
24  Petitioner will be afforded the opportunity, in his response to this Order to Show Cause, to provide

---

[1] In other words, unless Petitioner filed his first state habeas petition in the Stanislaus County Superior Court on or before August 8, 2001, and remained pending until denied on 2006, the statute of limitations would have expired before he filed the instant petition. Although the Court finds it highly unlikely that the Stanislaus County Superior Court took five years to decide his first petition, the Court will permit Petitioner to file a response to this Order to Show Cause in which he may provide any additional information regarding the filing date of the first petition, so that the Court can calculate the running and tolling of the one-year statute with greater accuracy.

4

additional information regarding when and where he filed his state habeas petitions if he believes that the instant petition is timely and that he is entitled to statutory tolling under the AEDPA.

## **ORDER**

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).  In his response, Petitioner should provide the dates on which he filed any state habeas petitions, the names of the courts in which he filed those petitions, the results, if any, of those petitions, and the dates the results were issued.  Petitioner should provide, where possible, copies of all petitions filed as well as copies of the rulings by the state courts.

Petitioner is forewarned that his failure to comply with this order may result in Findings and Recommendations recommending that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **January 11, 2008**                                          **/s/ Theresa A. Goldner**
                                                                                        UNITED STATES MAGISTRATE JUDGE

5