UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH WILLIAM CAMPOS,<br><br>        Petitioner,<br><br>  v.<br><br>JAMES A. YATES,<br><br>        Respondent. | 1:07-cv-01388-OWW-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS (Doc. 1)<br><br>ORDER TO FILE OBJECTIONS WITHIN FIFTEEN DAYS |

## **PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed in the United States District Court for the Northern District of California on August 8, 2007 and transferred to this Court on September 21, 2007. (Docs. 1, 2). The petition alleges that on January 20, 2003[1], Petitioner was convicted in the Stanislaus County Superior Court of willful infliction of corporal injury and assault by means of force likely to produce great bodily injury. Cal. Penal Code §§ 273.5[2], 245(a)(1). Petitioner claims that the sentencing court erroneously denied his motion to strike two prior serious or violent felony convictions and imposed a prior prison term enhancement, and sentenced him to 25 years to life imprisonment. (Doc. 2, p. 2).

---

[1] On page 11 of his petition, Petitioner alleges that he was convicted on January 20, 1999 in Stanislaus County Superior Court case number 194584.

[2] Petitioner refers to this crime as California Penal Code § 275.5

1

On January 11, 2008, the Court issued an Order to Show Cause why the petition should not be dismissed as untimely, and afforded Petitioner an opportunity to file a response within thirty days. (Doc. 11). On March 7, 2008, Petitioner filed a response in which he did not challenge the Court's calculation of time in the Order to Show Cause, but instead argues the merits of his claim in the petition and suggests that because he has a third-grade reading capability, he did not fully understand the implications of his plea agreement at the time he entered into it. (Doc. 13). At no point, however, does Petitioner contend that his third-grade reading level contributed to his inability to timely file his federal petition.

## DISCUSSION

A. Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039, 1041-1042 (9th Cir. 2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. Herbst, 260 F.3d at 1041-1042. The Court, through the Order to Show Cause, has provided Petitioner with such an opportunity to respond.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), overruled on other grounds

///

by <u>Lindh v. Murphy</u>, 521 U.S. 320.  The instant petition was filed on August 8, 2007 and is subject to the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, Petitioner was convicted on January 20, 1999.  (Doc. 2, p. 11).    In this case, the petition for review was denied by the California Supreme Court on May 10, 2000.[3]   Thus, direct review would conclude on August 8, 2000, when the ninety-day period for seeking review in the United States Supreme Court expired. <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S. Ct. 3383 (1983); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir.1999); <u>Smith v. Bowersox</u>, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would have one year from August 8, 2000, or until August 8, 2001, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.

---

[3] The Court takes judicial notice of the fact, as reflected in the electronic court records of the California Supreme Court, that on May 10, 2000 the California Supreme Court denied Petitioner's 's petition for review in its case number S087217, which is an appeal of California Court of Appeals, Fifth Appellate District case number F032675, the appellate case number cited in the instant petition. Fed. R. Evid. 201(b)(2).

As mentioned the instant petition was filed on August 8, 2007, six years *after* the limitations period expired. Thus, unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely and must be dismissed.

C. <u>Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In <u>Nino v. Galaza</u>, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[4] <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999); <u>see also</u> <u>Taylor v. Lee</u>, 186 F.3d 557 (4th Cir. 1999); <u>Barnett v. Lemaster</u>, 167 F.3d 1321, 1323 (10th Cir. 1999). The Ninth Circuit reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. <u>Nino</u>, 184 F.3d at 1005. However, the limitations period is not tolled for the time such an application is pending in federal court. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001).

Petitioner asserts that he filed a "round" of state habeas petitions to exhaust the claims in the instant petition, beginning with a petition in the Stanislaus County Superior Court. (Doc. 2, p. 13). Petitioner does not indicate the date on which he filed the first petition, but does indicate in attached documents that it was denied on October 19, 2006 and that a successive petition in the same court was denied on November 17, 2006. (Doc. 2, pp. 20, 21). Petitioner then filed a habeas petition in the California Court of Appeal, Fifth Appellate District that was denied on December 21, 2006.

///

---

[4] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. <u>See</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. <u>Id.</u> If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. <u>See id.</u>

(Doc. 2, pp. 14, 23).  Petitioner then filed a petition in the California Supreme Court that was denied on June 13, 2007.  (Doc. 12, pp. 14, 35).

However, as mentioned, the one-year limitations period would have already expired on August 8, 2001, a date that was, it now appears, well *before* Petitioner filed his first state habeas petition in the Stanislaus County Superior Court.[5]  A petitioner is <u>not</u> entitled to tolling where the limitations period, as is apparently the case here, has already expired *prior to* filing a state habeas petition.  <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000); see <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); <u>Jackson v. Dormire</u>, 180 F.3d 919, 920 (9th Cir. 1999)(petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).

The documents filed by Petitioner indicate that he had filed a previous federal petition in this Court that was denied and his subsequent appeal to the United States Court of Appeals for the Ninth Circuit was similarly rejected.  (Doc. 2, p. 31).  The Court takes judicial notice that, as reflected in this Court's records in the matter of <u>Ralph William Campos v. Bill Lockyer</u>, United States District Court for the Eastern District of California case number 1:00-cv-06884 JKS, on October 20, 2000, Petitioner[6] filed a petition for writ of habeas corpus challenging the same convictions in the instant case and his petition was denied on January 21, 2005.  (<u>See</u> Docs. 1, 28 in 1:00-cv-06884 JKS).  It thus appears that Petitioner believes that he is entitled to keep filing federal petitions.  Petitioner is incorrect.

The Court concludes that the petition is untimely should be dismissed.  Petitioner does not contend that his third-grade reading capacity prevented him from timely filing his petition.  Petitioner's response to the Order to Show Cause is an articulate, typewritten response that indicates Petitioner is capable of comprehending and responding to the Court's rules and directives. Nor does

---

[5]In other words, unless Petitioner filed his first state habeas petition in the Stanislaus County Superior Court on or before August 8, 2001, and the petition remained pending until denied in 2006, the statute of limitations would have expired before he filed the instant petition. In an excess of caution, the Court issued an Order to Show Cause permitting Petitioner to file documentation to substantiate that his first state court petition had indeed been pending for a sufficiently long period to make the instant petition timely.  In his response, Petitioner does not provide such information.  Accordingly, the Court finds that the statutory tolling to which Petitioner might be entitled is insufficient to make the petition timely.

[6]The petitioner's name and prisoner number in case no.1:00-cv-06884-JKS and the instant action are identical, i.e., the petitioner's name is Ralph William Campos and the prisoner number is D-67345.

the fact that Petitioner maintains the viability of his claim affect the Court's recommendations. The AEDPA contains no exception to the one-year limitation period based on underlying merit to the claim in any event.

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED for failure to comply with the one-year limitation period in 28 U.S.C. § 2244(d).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's Order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 20, 2008**                                             /s/ Theresa A. Goldner
                                                                                     UNITED STATES MAGISTRATE JUDGE